**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| TIA MCREYNOLDS<br>Plaintiff,<br><br>v.<br><br>BRUK CREDIT RESTORATION<br>& SOLUTIONS, L.L.C.<br>Defendant. | Case No.<br>Hon. |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. This action arises out of a contract for debt settlement services.

2. Venue is proper in this Court because the acts and transactions occurred in Genesee County, Michigan ("here"), Plaintiff resides here, and Defendant transact business here.

### PARTIES

3. Plaintiff Tia McReynolds is a natural person who resided, at all relevant times in Genesee, County, State of Michigan.

4. Defendant, Bruk Credit Restoration & Solutions, L.L.C. is a company that does business in the State of Michigan as a credit repair company.

### FACTUAL ALLEGATIONS

5. Plaintiff contracted with Defendant sometime in the last four years.

6. A copy of that contract is in possession of Defendant and despite demand, production was not made.

7. Defendant agreed to draft and send credit disputes for plaintiff in return for compensation paid on a monthly basis by plaintiff.

8. When defendant advertised its service to plaintiff, its agent represented to plaintiff that he would perform services beyond a 90-day period.

## CAUSES OF ACTION
### COUNT I.
### MICHIGAN CREDIT SERVICES PROTECTION ACT
### MCL § 445.1821

9. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

10. Plaintiff is both a debtor and a buyer of services from Defendant.

11. Defendant is a person who, in return for consideration, attempts to sell, provide, or perform the improvement of plaintiff's credit record, history, or rating.

12. Defendant is person who in return for consideration attempts to sell, provide or perform advice or assistance regarding the improvement or repair of plaintiff's credit record, history or rating.

13. Defendant is a credit services organization as that term is defined by MCL § 445.1822(b)(i) and (iii).

14. Defendant failed to perform the agreed services within 90 days following the date the buyer signed the contract for services thus violating MCL § 445.1823(f).

15. Prior to contracting Defendant made an offer to Plaintiff to provide credit repair services for a period beyond 90 days.

16. Defendant made or used a false or misleading representation in the offer or sale of the services of a credit services organization because it made an offer that was in violation of the Michigan Credit Services Protection Act thus violating MCL § 445.1823(f).

17. Defendant provided a service to a buyer, Plaintiff, that was not pursuant to a written contract that complies with the Michigan Credit Services Protection Act thus violating MCL § 445.1823(k).

18. Plaintiff was damaged as a result of Defendant's acts.

> **WHEREFORE** Plaintiff seeks an order voiding the contract, eliminating any debt owed by Plaintiff to Defendant, actual damages, punitive damages in the amount of three times the total amount billed by Defendant, costs and reasonable attorney fees pursuant to MCL § 445.1824(1)(b)(c).

## COUNT II
## VIOLATION OF CREDIT REPAIR ORGANIZATIONS ACT
### 15 U.S.C. 1679 et. seq.

19. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

20. Defendant uses an instrumentality of interstate commerce and the mails to sell, provide, or perform any service, return for the payment of money, for the express or implied purpose of improving any consumer's credit record, credit history or provide advice or assistance to any consumer with improving any consumer's credit record.

21. Defendant is a credit repair organization as that term is defined by 15 U.S.C. 1679a(3)(A).

22. Defendant made or used an untrue or misleading representation of the services of the credit repair organization when it offered to sell its services to plaintiff knowing that it would perform services beyond 90-days after the contract was entered into by plaintiff.

23. Defendant made or used an untrue or misleading representation of the service of the credit repair organization when it sold services to plaintiff beyond 90-days after the contract was entered into by plaintiff and continued to offer such services beyond that time frame.

24. Defendant engaged directly or indirectly in acts, practices, or a course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization when it offered to sell its services beyond 90-days after the date that plaintiff signed the contract.

25. Defendant engaged directly or indirectly in acts, practices, or a course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization when it sold its services beyond 90-days after the date that plaintiff signed the contract.

26. The contract is void under 15 U.S.C. 1679f(c)(1).

27. Plaintiff suffered loss as a result of the above violations.

WHEREFORE Plaintiff seeks an order voiding the contract, eliminating any debt owed by Plaintiff to Defendant, actual damages, punitive damages in the amount of three times the total amount billed by Defendant, costs and reasonable attorney fees pursuant to 15 U.S.C. 1679g1(A)(B)2(A) and 3(A).


Dated: July 5, 2017

Respectfully submitted,
*Andrew L. Campbell*

Andrew L. Campbell
1000 Beach St., Suite B
Flint, MI 48502
(810) 232-4344
hundy24@yahoo.com
P64391

Attorney for Plaintiff